IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:25-cv-409

| | | |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>EL HOLDINGS NORTH CAROLINA LLC,<br><br>Defendant. | ) | **COMPLAINT FOR DECLARATORY JUDGMENT** |

**COMES NOW** Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), pursuant to Rule 57 of the Federal Rules of Civil Procedure and the provisions of 28 U.S.C. § 2201, and alleges and says:

**Preliminary Statement**

1. Pursuant to 28 U.S.C. § 2201, Philadelphia seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under a policy of insurance issued by Philadelphia with respect to claims for coverage made by Defendant EL Holdings North Carolina, LLC ("EL Holdings"), arising from alleged loss sustained by EL Holdings due to Hurricane Helene ("the Claim.").

2. Through this action, Philadelphia seeks a declaration that it owes no duty to indemnify EL Holdings for any alleged unpaid losses arising out of the Claim.

**Jurisdiction**

3. Jurisdiction over the claims contained herein is invoked pursuant to 28 U.S.C. § 1332(a)(1) and (c) in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of $75,000.

## Venue

4. This action properly lies in the U.S. District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this declaratory judgment action took place in this judicial district.

5. More specifically, the Defendant is a North Carolina limited liability company with its registered office and mailing address located in this judicial district and division. Further, the property in question in located in this judicial district and division.

## Parties

6. Philadelphia Indemnity Insurance Company is a Pennsylvania corporation, with its principal place of business in the Commonwealth of Pennsylvania, and is authorized to conduct business in the State of North Carolina.

7. Upon information and belief, Defendant EL Holdings was at all times mentioned herein a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business in Buncombe County, North Carolina.

8. Upon information and belief, the sole member of EL Holdings is, and at all times mentioned herein was, a citizen of the State of Florida.

## Facts

### A. The Claim

9. Upon information and belief EL Holdings is a company that owns and operates a campground located in or around 15 Uphill Road Swannanoa, North Carolina, and known as "Mama Gertie's Hideaway Campground" ("the Property").

10. Upon information and belief, the Property offers camping reservations to the public for RV and Motorhome sites, tent camping, glamping, and cabin rentals.

11. On or around September 27, 2024, Hurricane Helene moved through the area where the Property is located.

12. The following day, September 28, 2024, EL Holdings submitted a claim to Philadelphia for damage allegedly resulting from the impact of Hurricane Helene at the Property.

13. On October 4, 2024, a representative of Sedgwick CMS ("Sedgwick"), an independent adjusting company engaged by Philadelphia to investigate and adjust the Claim, inspected the Property for damages. During that inspection, Sedgwick took photographs, prepared field diagrams, and performed other necessary investigating and adjusting activity.

14. During this investigation, Sedwick determined that damage at the Property was primarily the result of extensive flooding and mudslide/landslides at the Property.

15. Additionally, Sedgwick documented treefall damage to a luxury tent at the Property.

16. EL Holdings sought coverage under the policy of insurance issued by Philadelphia for damage to roadways and utilities at the Property, damage to the luxury tent from the treefall, debris removal and grading at the Property, and business interruption expenses.

17. Philadelphia investigated the Claim, including multiple requests to EL Holdings for additional information regarding certain alleged damages, some of which went unanswered.

18. During the course of the investigation, Philadelphia regularly updated EL Holdings regarding the progress of the investigation, additional needed information or documentation, and information regarding coverage under the Philadelphia policy for the claim.

19. On April 1, 2025, Philadelphia issued correspondence to EL Holdings, explaining its coverage position pursuant to the Philadelphia policy at issue, including an explanation of the lack of coverage for most of the claimed damages. This correspondence left open a final

decision on the luxury tent damage, as the investigation continued as to this portion of the Property.

20. Following issuance of this coverage correspondence, EL Holdings, through counsel, objected to Philadelphia's coverage analysis and sought payment of all damages submitted as part of the Claim.

**B. The Philadelphia Policy**

21. Philadelphia issued a commercial lines policy of insurance, policy number PHPK2622230 ("the Policy"), to EL Holdings NC, LLC, effective for the policy period of November 15, 2023 to November 15, 2024.

22. The Policy contains a Commercial Property Coverage Part.[1] A true, accurate, and complete copy of the policy is attached hereto as **Exhibit 1** and is herein incorporated by reference in this Complaint.

23. The Policy includes thirteen (13) specifically scheduled buildings on the Locations Schedule, all located at 15 Uphill Road, Swannanoa, NC 28778-9213.

24. The descriptions of these locations are set forth in the Locations Schedule of the Policy as follows:

[1] References to "the Policy" will be to the Commercial Property Coverage Part, unless otherwise specified.

Philadelphia Indemnity Insurance Company

## Locations Schedule

**Policy Number:** PHPK2622230

| Prems. No. | Bldg. No. | Address |
|---|---|---|
| 0001 | 0001 | 15 Uphill Rd<br>Cabin<br>Swannanoa, NC 28778-9213 |
| 0001 | 0002 | 15 Uphill Rd<br>Cabin<br>Swannanoa, NC 28778-9213 |
| 0001 | 0003 | 15 Uphill Rd<br>Cottage<br>Swannanoa, NC 28778-9213 |
| 0001 | 0004 | 15 Uphill Rd<br>Cottage<br>Swannanoa, NC 28778-9213 |
| 0001 | 0005 | 15 Uphill Rd<br>Cottage<br>Swannanoa, NC 28778-9213 |
| 0001 | 0006 | 15 Uphill Rd<br>Cottage<br>Swannanoa, NC 28778-9213 |
| 0001 | 0007 | 15 Uphill Rd<br>Rec Room<br>Swannanoa, NC 28778-9213 |
| 0001 | 0008 | 15 Uphill Rd<br>Laundry/Shower<br>Swannanoa, NC 28778-9213 |
| 0001 | 0009 | 15 Uphill Rd<br>Office<br>Swannanoa, NC 28778-9213 |
| 0001 | 0010 | 15 Uphill Rd<br>Pool/Hot Tub<br>Swannanoa, NC 28778-9213 |
| 0001 | 0011 | 15 Uphill Rd<br>Shower House<br>Swannanoa, NC 28778-9213 |
| 0001 | 0012 | 15 Uphill Rd<br>Shower House<br>Swannanoa, NC 28778-9213 |

PI-LOC-SCH (08/20)

Philadelphia Indemnity Insurance Company

Locations Schedule

**Policy Number:** PHPK2622230

| Prems. No. | Bldg. No. | Address |
|---|---|---|
| 0001 | 0013 | 15 Uphill Rd<br>Shower House<br>Swannanoa, NC 28778-9213 |

PI-LOC-SCH (08/20)

Page 2 of 2

25. The Policy lists Valley National Bank, Its subsidiaries and/or affiliates ISAOA / ATIMA, PO Box 3409, Coppell TX 75019-6403 as mortgagee for each of the insured buildings pursuant to the Mortgagee Schedule.

26. Each of the thirteen (13) buildings is subject to a limit of insurance, deductible, and coinsurance amount, as more fully set forth in the "COMMERCIAL PROPERTY COVERAGE PART SUPPLEMENTAL SCHEDULE" in the Policy.

27. This schedule also sets forth the limits, deductibles, and coinsurance amounts for certain Business Personal Property

28. This schedule also states that each coverage is subject to the "Special" Causes of Loss Form in the Policy.

29. The Policy also contains the following under **A. Coverage**:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **1. Covered Property**
>
> Covered Property, as used in this Coverage Part, means the type of property described in this section, **A.1.**, and limited in **A.2.** Property Not Covered, if a Limit Of Insurance is shown in the Declarations for that type of property.
>
> **a.** **Building**, meaning the building or structure described in the Declarations, including . . .
>
> . . .
>
> **b.** **Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater. . . .
>
> . . .
>
> **2. Property Not Covered**
>
> Covered Property does not include:
>
> . . .
>
> **d.** Bridges, roadways, walks, patios or other paved surfaces;

. . .

**f.** The cost of excavations, grading, backfilling, or filling;

. . .

**h.** Land (including land on which the property is located), water, growing crops or lawns (other than lawns which are part of a vegetated roof);

. . .

**l.** Retaining walls that are not part of a building;

**m.** Underground pipes, flues or drains;

. . .

**p.** Vehicles or self-propelled machines (including aircraft or watercraft) that:

**(1)** Are licensed for use on public roads; or

**(2)** Are operated principally away from the described premises.

. . .

. . .

**3. Covered Causes Of Loss**

See applicable Causes Of Loss form as shown in the Declarations.

**4. Additional Coverages**

**a. Debris Removal**

**(1)** Subject to Paragraphs **(2)**, **(3)** and **(4)**, we will pay your expense to remove debris of Covered Property and other debris that is on the described premises, when such debris is caused by or results from a Covered Cause of Loss that occurs during the policy period. The expenses will be paid only if they are reported to us in writing within 180 days of the date of direct physical loss or damage.

**(2)** Debris Removal does not apply to costs to:

. . .

**(e)** Remove deposits of mud or earth from the grounds of the described premises;

. . .

**(g)** Remove, restore or replace polluted land or water.

. . .

**B. Exclusions And Limitations**

See applicable Causes Of Loss form as shown in the Declarations.

30. The Policy also includes the following under **E. Loss Conditions**:

. . .

**3. Duties In The Event Of Loss Or Damage**

You must see that the following are done in the event of loss or damage to Covered Property:

. . .

**(5)** At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

. . .

**(8)** Cooperate with us in the investigation or settlement of the loss.

31. The Policy also includes the following under **F. Additional Conditions**:

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**1. Coinsurance**

If a Coinsurance percentage is shown in the Declarations, the following condition applies:

**a.** We will not pay the full amount of any loss if the value of Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the property.

Instead, we will determine the most we will pay using the following steps:

**(1)** Multiply the value of Covered Property at the time of loss by the Coinsurance percentage;

**(2)** Divide the Limit of Insurance of the property by the figure determined in Step **(1);**

**(3)** Multiply the total amount of loss, before the application of any deductible, by the figure determined in Step **(2);** and

**(4)** Subtract the deductible from the figure determined in Step **(3).**

We will pay the amount determined in Step **(4)** or the Limit of Insurance, whichever is less. For the remainder, you will either have to rely on other insurance or absorb the loss yourself.

32. The Policy also includes a "**CAUSES OF LOSS – SPECIAL FORM**" that is relevant to the Claim. This form includes the following:

**A. Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

**b. Earth Movement**

. . .

**(2)** Landslide, including any earth sinking, rising, or shifting related to such event.

. . .

**(4)** Earth sinking (other than sinkhole collapse), rising or shifting including soil conditions which cause settling, cracking or other disarrangement of foundations or other parts of realty. Soil conditions include contraction, expansion, freezing, thawing, erosion, improperly compacted soil and the action of water under the ground surface.

. . .

**g. Water**

**(1)** Flood, surface water, waves (including tidal wave and tsunami), tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind (including storm surge);

**(2)** Mudslide or mudflow;

**(3)** Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment;

**(4)** Water under the ground surface pressing on, or flowing or seeping through:

**(a)** Foundations, walls, floors or paved surfaces;

**(b)** Basements, whether paved or not; or

**(c)** Doors, windows or other openings;
or

**(5)** Waterborne material carried or otherwise moved by any of the water referred to in Paragraph **(1), (3)** or **(4),** or material carried or otherwise moved by mudslide or mudflow.

This exclusion applies regardless of whether any of the above, in Paragraphs **(1)** through **(5),** is caused by an act of nature or is otherwise caused. An example of a situation to which this exclusion applies is the situation where a dam, levee, seawall or other boundary or containment system fails in whole or in part, for any reason, to contain the water.

But if any of the above, in Paragraphs **(1)** through **(5),** results in fire, explosion or sprinkler leakage, we will pay for the loss or

damage caused by that fire, explosion or sprinkler leakage (if sprinkler leakage is a Covered Cause of Loss).

33. The Policy also contains an "**ELITE PROPERTY ENHANCEMENT: CAMPGROUNDS AND RECREATION VEHICLE PARKS**" endorsement. The following provisions are included in this endorsement:

. . .

**III. Covered Property**

The **BUILDING AND PERSONAL PROPERTY COVERAGE FORM**, Section **A. Coverage, 1. Covered Property** is amended as follows:

**A. Building – Pedestals for Utilities**

Paragraph a.(2) is deleted in its entirety and replaced with the following:

(2) Fixtures, including outdoor fixtures, except for pedestals upon which utilities for campsites are mounted.

We will pay for loss or damage to all utility pedestals in any one occurrence up to a limit of $25,000. Each occurrence is subject to a $2,500 deductible. No coinsurance shall apply to this coverage for utility pedestals.

As used here, utility pedestals mean low voltage electrical/power pedestals, including four (4) feet of underground internet, television, or telephone cable; and above ground water and sewer utility equipment.

**B. Business Personal Property**

Paragraph b., the first paragraph is amended as follows:

Your Business Personal Property located in or on the building described in the Declarations or in the open (or in a vehicle) within 1600 fee of the described premises.

. . .

**V. Coverage Extensions**

The following are added to or are amended under the **BUILDING AND PERSONAL PROPERTY COVERAGE FORM,** Section **A. Coverage, 5. Coverage Extensions:**

. . .

**E. Outdoor Property**

Paragraph **e. Outdoor Property** is deleted in its entirety and replaced with the following:

You may extend the insurance provide by this Coverage Form to apply to the following property if located within 1600 feet of the premises described in the Declarations: your outdoor fences and netting, playground equipment, outdoor lighting, outdoor pools, court surfaces, radio and television antennas (including satellite dishes), trees, shrubs, plants, and lawns, including the cost of debris removal, caused by or resulting from any of the following Causes of Loss:

**1.** Fire;

**2.** Lightning;

**3.** Explosion;

**4.** Riot or civil commotion;

**5.** Aircraft or vehicles;

**6.** Vandalism and malicious mischief; or

**7.** Theft.

We will also pay for loss or damage to outdoor signs, whether or not they are attached to a building, arising out of any Covered Cause of Loss.

The most we will pay for all loss or damage under this Extension is $25,000. The most we will pay for any one tree, shrub, plant or acre of lawn, including the cost of debris removal is $1,000.

. . .

**H. Business Income and Extra Expense**

This Coverage Extension applies only to the extent that separate coverage for Business Income or Business Income with Extra Expense has not been purchased at the described premises, and that neither the

**BUSINESS INCOME (WITHOUT EXTRA EXPENSE) COVERAGE FORM** nor the **BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM** applies to the described premises. This provision supersedes anything to the contrary.

**1.** Coverage is extended to include the actual loss of Business Income you sustain due to the necessary suspension of your operations during the period of restoration and necessary Extra Expense you incur when your covered building or business personal property listed in the Declarations is damaged by a Covered Cause of Loss.

. . .

. . .

. . .

**VI. Exclusion Amendments**

In the **CAUSES OF LOSS SPECIAL FORM**, Section **B. Exclusions** is amended as follows:

**A.** Subparagraph 1.**b**. **Earth Movement** is amended to include:

(6) If Earth movement described in **b.(**1) through (5) above, results in sprinkler leakage, we will pay up to $10,000 per occurrence for loss or damage by that sprinkler leakage at all locations combined.

**B.** Subparagraph 1.g. **Water** is amended to include:

This exclusion does not apply to the extent that coverage is provided in Section **VII. Additional Coverage – Sewer or Drain Back Up**, below.

**VII. Additional Coverage – Sewer or Drain Back Up**

In the **CAUSES OF LOSS SPECIAL FORM**, the following Additional Coverage is Included:

**Additional Coverage – Sewer or Drain Back Up** is added:

Water that backs up or overflows or is otherwise discharged from a sewer, drain, sump, sump pump or related equipment is included as a Covered Cause of Loss; however, we will not pay more than $25,000 in any one occurrence.

**1.** This extension applies to all loss combined, including, but not limited to building, business personal property, personal property of others, business income and extra expense and debris removal, subject to the $25,000 per occurrence limit shown above.

**2.** This extension does not apply to:

**a.** Roof drainage systems, gutters, or downspouts;

**b.** **Utility Services – Direct Damage;** or

**c. Utility Service Interruption** (if coverage is applicable).

34. In addition to the above-referenced provisions, the Policy contains additional terms, conditions, exclusions, and provisions that may exclude or otherwise impact coverage, as more fully set forth in **Exhibit 1**, and incorporated herein by reference.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

35. Philadelphia restates, re-alleges, and incorporates by reference its allegations stated in paragraphs 1-34 as though fully set forth herein.

36. This action presents a real, actual, and justiciable controversy that is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy between them as to these insurance coverage issues.

37. Philadelphia has no duty to indemnify EL Holdings for the Claim because there is no direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

38. To the extent claims are made under any of the other coverages set forth in the Policy, these coverages also require that the loss or damage must be caused by a Covered Cause of Loss.

39. All of the loss or damage sought by the Claim was caused directly or indirectly by excluded causes of loss under the Policy, including but not limited to Earth Movement and Water, and the amendments to these exclusions in the "**ELITE PROPERTY ENHANCEMENT: CAMPGROUNDS AND RECREATION VEHICLE PARKS**" Endorsement are not applicable to the Claim.

40. Therefore, there is no coverage pursuant to the Policy, regardless of any other cause or event that contributes concurrently or in any sequence to the claimed losses in the Claim.

41. Additionally, coverage under the Policy is limited or barred for other reasons.

42. The luxury tent for which coverage is sought is not property for which a Limit Of Insurance is shown in the Declarations for that type of property and, therefore, there is no coverage for that loss.

43. Coverage under the Policy may also be barred by the failure of EL Holdings to comply with the Policy's "Loss Conditions," including but not limited to the "Duties in the Event of Loss or Damage."

44. These duties are mandatory and are conditions precedent to coverage, as explicitly set forth in the Policy.

45. To the extent coverage exists pursuant to the Policy, which is denied by Philadelphia, coverage is limited by various provisions of the Policy, including but not limited to the express limits of coverage for each claimed loss (and/or any sublimits applying thereto), applicable deductibles, and the coinsurance provisions set forth in the Policy.

46. The Policy also does not provide coverage for any of the loss or damages sought by the Claim because the Policy contains other terms, conditions, and exclusions which otherwise preclude coverage for the Claim.

47. Philadelphia therefore requests that this Court declare the rights, obligations, and liabilities of the parties under the Policy with respect to the claims asserted in the Underlying Action. Specifically, Philadelphia is entitled to a judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that it does not have an obligation to indemnify EL Holdings under the terms of the Policy in connection with the Claim.

**WHEREFORE,** Plaintiff Philadelphia Indemnity Insurance Company respectfully prays the Court as follows:

1. That the Court declare and decree that the Policy does not afford coverage to EL Holdings for any of the alleged loss or damages in the Claim made by EL Holdings;

2. That the Court declare and decree that Philadelphia is not obligated in any way to indemnify EL Holdings under the Policy for any damages as a result of the Claim;

3. That the costs of this action be taxed against the Defendants;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as the Court may deem just and proper.

This the 17th day of November, 2025.

/s/ *Alexander E. Davis*
David L. Brown (N.C. State Bar No. 18942)
Alexander E. Davis (N.C. State Bar No. 51596)
GOLDBERG SEGALLA LLP
701 Green Valley Road, Suite 310
Greensboro, North Carolina 27408
Telephone: 336.419.4900
Facsimile: 336.419.4950
Email: aedavis@goldbergsegalla.com
dbrown@goldbergsegalla.com

*Attorneys for Philadelphia Indemnity Insurance Company*